## Case No. 790.

### Ex parte BALCH.

[3 McLean, 221.][1]

Circuit Court, D. Ohio. July Term, 1843.

ABATEMENT—PENDENCY OF ANOTHER ACTION—
BANKRUPTCY—JURISDICTION.

1. The pendency of a suit between the same parties, and respecting the same subject matter, in another state, may be pleaded in abatement in the courts of the United States.

[Disapproved in Lyman v. Brown, Case No. 8,627.]

[See note at end of case.]

2. But to make such plea effectual, it must show that the court where the suit is pending has jurisdiction.

[See note at end of case.]

3. Certain things are required to give jurisdiction to a proceeding in bankruptcy, and all these must appear in the plea.

In bankruptcy.

Mr. Wright, for plaintiff.
Mr. Fox, for defendant.

OPINION OF THE COURT. The following point has been certified by the district court, sitting in bankruptcy, to this court, viz: "Whether the facts set forth in the plea of the said John T. Balch, if true, constitute a bar to the proceedings in this cause."

Benjamin A. Munford v. John T. Balch. The plea states, that heretofore, and before the said petitioner exhibited his petition, in this honorable court, to wit, on the 31st day of October, 1842, the said petitioner, one of the late firm of Churchill & Co., in behalf of himself and late partner, William Churchill, and one John W. Harris, filed their petition in the district court of the United States for the district of New York, against the defendant, setting forth, among other things, that this defendant owed to them a sum greater than five hundred dollars, the consideration being for merchandise bought; and which this defendant avers is the same note as set forth in the present petition of the said Munford; and setting forth also that this defendant, on or about the 29th of January last preceding the filing of the petition, then being a merchant in the city of New York, made and executed an assignment and conveyance in contemplation of bankruptcy, secured and preferred certain creditors of this defendant, a preference over the general creditors of this defendant, and that said assignment was made to John E. Mitchell and John Hudson, of the city of New York; and that this defendant, in the spring of 1842, departed from the state of New York with intent to defraud his creditors, and to avoid being arrested; and they prayed that he might be declared a bankrupt, pursuant to the act of congress. which petition was for the like matter, relief, and

[1] [Reported by Hon. John McLean, Circuit Justice.]

purpose, as the present petition. The assignees filed their exceptions, and upon argument the cause was referred to a commissioner of bankruptcy, on the 13th of December, 1842; that the petition was depending the 11th of January, 1843; that it was discontinued the 28th of April, 1843; and this is pleaded in abatement to the present petition.

The pendency of another suit between the same parties, and involving the same matters, may be pleaded in abatement to a new suit. But, to make such plea effectual, it must be shown that the court had jurisdiction of the case. The proceeding in New York by the creditors of the said Balch; was, to subject him to involuntary bankruptcy, under the first section of the bankrupt act, [5 Stat. 440, c. 9.] The act declares, "that all persons, being merchants, or using the trade of merchandise, all retailers of merchandise, &c. owing debts to the amount of not less than two thousand dollars, shall be liable to become bankrupts, within the true intent and meaning of the act, and may, upon the petition of one or more of their creditors, to whom they owe debts amounting in the whole to not less than five hundred dollars, to the appropriate court, be so declared accordingly, in the following cases, to wit: whenever such person, being a merchant, or using the trade of merchandise, or being a retailer of merchandise, &c. shall depart from the state of which he is an inhabitant, with intent to defraud his creditors, &c.

Several things are necessary to subject a man to this proceeding. 1. He must be a merchant. 2. He must have left the state with a view to defraud his creditors, or done some other act named in the statute. 3. The petitioners against him must have a claim on him of a sum amounting to five hundred dollars. 4. He must owe debts to the amount of not less than two thousand dollars. These four things must be shown in the petition. to give the court jurisdiction.

From the plea, it appears that the said Balch was a merchant; that he committed an act of bankruptcy by leaving the state to defraud his creditors; and that the petitioners against him had a demand on him exceeding five hundred dollars; but, it does not appear that he owed an amount of not less than two thousand dollars. This is essential to the jurisdiction of the court, and without it the proceedings in New York were of no validity. The plea is taken as true, and it must show jurisdiction in the court, whose proceedings are set up in abatement; and having failed to do this, the demurrer to the plea should have been sustained. This may be certified to the district court.

[NOTE. At law, the pendency of a former action between the same parties for the same cause is pleadable in abatement to a second action, because the latter is regarded as vexatious. But the former action must be in a domestic court; that is, in a court of the state in which

the second action has been brought. The rule in equity is analogous to the rule at law. Mutual Life Ins. Co. v. Harris, 96 U. S. 588; Lyman v. Brown, Case No. 8,627. Pendency of an action in a state court is no ground for a plea in abatement to a suit upon the same matter in a federal court for the same state. Gordon v. Gilfoil, 99 U. S. 168. To the same effect, see Stanton v. Embrey, 93 U. S. 548; Loring v. Marsh, Case No. 8,514; Parsons v. Greenville, Id. 10,776; White v. Whitman, Id. 17,561; Hughes v. Elsher, 5 Fed. 263. Contra, Earl v. Raymond, Case No. 4,243. See note to Brooks v. Mills Co., Id. 1,955, for discussion (1876) of the principle afterwards decided by Gordon v. Gilfoil, (1878,) supra. A plea of lis alibi pendens is not good when the litigation is in a court of foreign jurisdiction. Lynch v. Hartford Fire Ins. Co., 17 Fed. 627. See, also, Pierce v. Feagans, 39 Fed. 587.]